IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17 CR 34-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| RANDALL LEROY FRADY, | ) | |
| | ) | |
| Defendant. | ) | |

THIS CAUSE came on to be heard before the undersigned upon a Violation Report (#26) and an Addendum to Violation Report (#31) alleging that Defendant had violated terms and conditions of his pretrial release.  At the call of this matter on for hearing it appeared Defendant was present with his counsel, Mary Ellen Coleman, and the Government was present through AUSA, Daniel Bradley.  From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**:  At the call of the matter, the Defendant, by and through his attorney, admitted the allegations contained in the Violation Report and the Addendum to Violation Report.

The Defendant was charged in a bill of indictment (#1) filed on March 23,

1

2017 with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 and with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

A hearing was held in regard to the detention of Defendant on March 29, 2017. On that date, the undersigned entered an Order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed; and

(8)(t) submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operations of the technology.

On June 2, 2017, Defendant removed his electronic monitoring equipment from his body and absconded from supervision. On June 5, 2017 the Defendant failed to appear for trial in the United States District Court before U.S. District Judge Max O. Cogburn, Jr.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

> (1) finds that there is----
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence and the admission of Defendant, the undersigned finds by clear and convincing evidence the Defendant violated the terms and conditions of his release that required him to participate in location monitoring and that he appear in court as required.

Due to the findings made above and further considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community and would assure that Defendant is not a risk of flight. It appears that Defendant clearly absconded from supervision and

left this jurisdiction in an attempt to avoid a court appearance. It is the opinion of the undersigned, that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: July 6, 2017

Dennis L. Howell
United States Magistrate Judge